BEATRICE EMILY DRAKE *vs.* CHESTER LEWIS.

Piscataquis.     Opinion, January 18, 1934.

*J. S. Williams*, for complainant.
*John P. White*,
*C. W. & H. M. Hayes*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.     This is a complaint in bastardy in which all the preliminary conditions required by the statute seem to have been complied with. The issue was tried before a jury and the respondent

found guilty. The case is now before us on a general motion for a new trial, and the question is whether the evidence is sufficient to justify the verdict.

The complainant accuses the respondent with having begotten her with a child on the twenty-seventh day of February, 1932. Her testimony is specific that the intercourse, from which conception followed, was on that day and on no other. The respondent denied the charge. That there is no corroboration of her testimony is not necessarily fatal, unless there are admitted facts inconsistent with it.

In refutation of it there is the testimony of a woman that prior to February 27 the girl admitted to her that she was pregnant. The complainant's denial of this remark would carry more weight but for two circumstances, which taken together point strongly to the conclusion that she was pregnant before the time when she alleges that she had sexual intercourse with the respondent. In the first place there is the uncontradicted testimony of one witness that the complainant in January had nausea in the mornings, which is one symptom of pregnancy. Then there is the fact that a fully developed child was born on the thirteenth day of October nearly two months before the normal period of gestation would have expired.

These circumstances, more strongly than the respondent's own denial of the charge against him, cast grave doubts on the truth of her accusation. In our opinion the overwhelming weight of the evidence indicates that conception did not take place as claimed by her. She has manifestly failed to sustain the burden of proof.

*Motion sustained.*